**KEANE & ASSOCIATES**
BY:  Brent S. Usery
Attorney ID No.: 299032019
485 Lexington Avenue, 6th Floor
New York NY 10017
Tel: (917) 778-6680
*Attorneys for Defendant,*
*Travelers Property Casualty Company*
*Of America*

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,        ) ) ) ) | Civil Action No._____ |
|      Plaintiff,        ) ) | |
| v.        ) ) | COMPLAINT FOR DECLARATORY RELIEF |
| CAGAN MANAGEMENT GROUP, INC.,        ) ) | |
|      Defendant.        ) ) ) | |

COMES NOW the Plaintiff, Travelers Property Casualty Company of America ("Travelers"), by and through its undersigned counsel, Keane & Associates, and requests judgment in its favor and against the Defendant, Cagan Management Group, Inc., and in support of such request states as follows:

**THE PARTIES**

1.     Travelers is and at all times relevant was a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut. Travelers is and at all times relevant was an insurance carrier eligible to do business as an insurer in the States of Illinois and New Jersey.

2.      Cagan Management Group, Inc. ("Cagan") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Skokie, Illinois.

<u>**JURISDICTION AND VENUE**</u>

3.      This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs and interests.

4.      This Court has diversity jurisdiction because Travelers is domiciled in Connecticut and Cagan is domiciled in a state other than Connecticut.

5.      Venue is appropriate in this judicial district, pursuant to 28 U.S.C. § 1391, because Cagan is subject to personal jurisdiction within this District.  Venue is further appropriate in that the subject matter of the dispute arises out of an underlying lawsuit filed in this judicial district.

<u>**THE UNDERLYING ACTIONS**</u>

6.      This instant action arises out of alleged personal injuries to Tedra Birch ("Birch") and damage to property located at 114 Camp Trail, Hopatcong, New Jersey ("the subject premises") occurring on or about January 28, 2018.  Upon information and belief, Birch is the owner of the subject premises.

7.      On April 10, 2019, Birch filed a Complaint against numerous defendants, including Cagan, in the Superior Court of New Jersey, Law Division, Essex County, Case No. ESX-L-002700-19 ("the Birch Action").  A copy of the Complaint in the Birch Action is attached as Exhibit A.

8.      In the Birch Action, Birch alleged that she suffered permanent physical injuries because of, among other things, the installation, inspection, testing, or maintenance of a propane tank and/or the marketing, sale, installation, or inspection of a water heater at the subject premises,

which "exploded" on or about January 28, 2018. Birch alleged causes of action against Cagan for negligence, breach of regulations, intentional misrepresentation, violation of the New Jersey Consumer Fraud Act, and other causes of action.

9. On April 30, 2019, Amica Mutual Insurance Company a/s/o Tedra Birch filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County, Case No. ESX-L-003239-19 arising out of damage to the subject property ("the Amica Action"). On September 17, 2009, Amica filed an Amended Complaint naming Cagan as a defendant. A copy of the Amended Complaint in the Amica Action is attached as Exhibit B.

10. In the Amica Action, Amica alleged it provided insurance coverage to Birch for the subject premises. Amica alleged that it paid approximately $92,000 for damage to the subject premises because of the alleged "faulty installation of the new hot water heater at the Premises and/or the integration of the new hot water heater into other systems at the Premises."

11. In the Amica Action, Action alleged causes of action against Cagan for negligence.

**AGREEMENT BETWEEN CAGAN AND 25 CAPITAL**

12. Upon information and belief, Cagan and 25 Capital entered into an "Exclusive Single-Family Management Agreement/Fee Schedule" dated July 2, 2016 ("the Management Agreement"). A copy of the Management Agreement is attached as Exhibit C.

13. Pursuant to the Management Agreement, Cagan agreed to undertake and undertook various functions, including but not limited to property evaluation, leasing, consulting, sales, maintenance, and repairs of properties owned by 25 Capital.

14. At times relevant to this matter, 25 Capital owned the subject premises, which was included within the Management Agreement and for which Cagan provided certain services for 25 Capital.

## THE TRAVELERS POLICY

15.     Travelers issued a Commercial Insurance Policy (the "Travelers Policy") to Cagan,

policy number Y-630-6J475351-TIL-17 with a policy period of September 1, 2017 to September

1, 2018.  A copy of the Travelers Policy is attached as Exhibit D.

## DECLARATORY RELIEF SOUGHT

## FIRST CAUSE OF ACTION – DECLARATORY RELIEF
## AGAINST CAGAN

16.     Travelers realleges and incorporates herein by reference each and every allegation

contained in paragraphs 1 through 15 as though fully set forth herein.

17.     Travelers asserts that it owes no duty to defend or indemnify Cagan with respect to

the Birch and Amica Actions pursuant to operation of the terms, conditions, exclusions,

endorsement and other provisions of the Travelers Policy.

18.     The Travelers Policy provide:

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE
LIABILITY

1.  Insuring Agreement

a.  We will pay those sums that the insured becomes legally obligated
to pay as damages because of "bodily injury" or "property damage"
to which this insurance applies.

…..

b.  This insurance applies to "bodily injury" and "property damage"
only if:

(1) The "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the "coverage territory."

(2) The "bodily injury" or "property damage" occurring during the
policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1 of
Section II – Who Is An Insured and no "employee" authorized

by you to give or receive notice or an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

19.     The Travelers Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

20.     The damages asserted in the Birch and Amica Actions are not "bodily injury" or "property damage" caused by an "occurrence" as set forth in the Travelers Policy.  There is, therefore, no coverage for the claims alleged in the Birch and Amica Actions under the Travelers Policy.

21.     The Travelers Policy is endorsed with a "EXCLUSION – REAL ESTATE DEVELOPMENT ACTIVITIES" Endorsement, which provides as follows:

This endorsement modified insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

**A.** This insurance does not apply to "bodily injury" or "property damage" arising out of any "real estate development activities" by or on behalf of any insured.

**B.** The following definition is added to **SECTION V – DEFINITIONS**:

"Real estate development activities" means the design, site preparation, construction, marketing or sales of residential, commercial or industrial buildings.

**C.** The Provisions of this endorsement do not apply to the repair, maintenance, renovation, alteration or addition to an existing building owned by the Named Insured.

22.     The claims against Cagan in the Birch and Amica Actions, in their entirety, arise

out of the design, site preparation, construction, marketing or sales of the subject premises by or on behalf of Cagan.  Coverage for Cagan in the Birch and Amica Actions, if any was otherwise present, is barred by the "EXCLUSION – REAL ESTATE DEVELOPMENT ACTIVITIES" endorsement.

23.     The Travelers Policy is endorsed with a "REAL ESTATE PROPERTY MANAGED" Endorsement, which provides as follows:

This endorsement modified insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to "property damage" to property you operate or manage or as to which you act as agent for the collection of rents or in any other supervisory capacity.

With respect to your liability arising out of your management of property for which you are acting as real estate manager this insurance is excess over any other valid and collectible insurance available to you.

24.     The claims against Cagan in the Amica Action, in their entirety, arise out of the property damage to property operated or managed by Cagan.  Coverage for Cagan in the Amica Action, if any was otherwise present, is barred by the "REAL ESTATE PROPERTY MANAGED" endorsement.

25.     The Travelers Policy provide:

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1.  Insuring Agreement

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.
…

b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. This insurance does not apply to:

a. Knowing Violation of Rights of Another

"Personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

b. Material Published with Knowledge of Falsity

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

…

g. Quality or Performance of Goods – Failure to Conform to Statements

"Personal and advertising injury" arising out of the failure to goods, products or service to conform with any statement of quality or performance made in your "advertisement."

26.    The Travelers Policy is endorsed with a "AMENDMENT OF COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY" Endorsement, which provides as follows:

This endorsement modified insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PROVISIONS

A. AMENDMENT OF DEFINITION OF PERSONAL AND ADVERTISING INJURY

The following replaces the definition of "personal and advertising injury" in the DEFINITIONS section:

"Personal and advertising injury" means "personal injury" or "advertising injury".

…

D.  AMENDMENT OF OTHER EXCLUSIONS

    1.  The following replaces Exclusion b., Material Published with Knowledge of Falsity, in Paragraph 2 of Section I – Coverages – Coverage B Personal and Advertising Injury Liability:

       "Personal injury" or "advertising injury" arising out of oral or written publication, including publication by electronic means of material, if done by or at the direction of the insured with knowledge of its falsity

…

    4.  The following replaces Exclusion g., Quality or Performance of Goods, in Paragraph 2 of Section I – Coverages – Coverage B Personal and Advertising Injury Liability:

       g.  Quality or Performance of Goods – Failure to Conform to Statements

       "Advertising injury" arising out of the failure to goods, products or service to conform with any statement of quality or performance made in your "advertisement."

…

G. ADDITIONAL DEFINITIONS

The following is added to the DEFINITIONS Section:

"Advertising injury":

    a.  Means injury, other than "personal injury" caused by one or more of the following offenses:

       (1) Oral or written publication, including publication by electronic means, of material in your "advertisement" that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had it goods, products or services disparaged.

       (2) Oral or written publication, including by electronic means, of material in your "advertisement" that:

(a) Appropriates a person's name, voice, photograph or likeness, or

(b) Unreasonably places a person in a false light; or

…

b.   Includes "bodily injury" caused by one or more of the offenses described in Paragraph a. above.

…

"Personal injury":

a.   Means injury, other than "advertising injury" caused by one or more of the following offenses:

(1) False arrest, detention or imprisonment;

(2) Malicious prosecution;

(3) The wrongful eviction from, wrongful entry into, or the invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that the wrongful eviction, wrongful entry or invasion of the right of private occupancy is committed by or on behalf of the owner, landlord or lessor of that room, dwelling or premises;

(4) Oral or written publication, including publication by electronic means, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its good, products or services disparaged; or

(5) Oral or written publication, including publication by electronic means, of material that:

(a) Appropriates a person's name, voice, photograph or likeness; or
(b) Unreasonably places a person in a false light.

b.  Include "bodily injury" caused by one or more of the offenses described in Paragraph a. above.

27.     The damages asserted in the Birch and Amica Actions are not "personal injury" or "advertising injury" caused by an offense as set forth in the Travelers Policy.  There is, therefore, no coverage for the claims alleged in the Birch and Amica Actions under the Travelers Policy.

28.     In the Birch Action, Birch asserted that she is entitled to damages from Cagan due to its alleged violation of the New Jersey Consumer Fraud Act.  These claims asserted by Birch are not "bodily injury" or "property damage" caused by an "occurrence" and are not "personal injury" or "advertising injury" caused by an offense as set forth in the Travelers Policy.  There is, therefore, no coverage for the claims alleged in the Birch and Amica Actions under the Travelers Policy.

29.     The punitive damages sought in the Birch Action against Cagan are uninsurable.

30.     Because there is no coverage under the Travelers Policy for the claims alleged or damages awarded in the Birch and Amica Actions, Travelers has no duty to defend and indemnify Cagan relative to the Birch and Amica Actions.

31.     An actual, present, and justiciable controversy has arisen and now exists between Travelers on the one side and Cagan on the other, concerning their respective rights, duties, and obligations, if any, under the Travelers Policy with respect to the Birch and Amica Actions.

32.     Based on the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of the parties may be determined under the respective policies of insurance.

## SECOND CAUSE OF ACTION – DECLARATORY RELIEF AGAINST ALL DEFENDANTS FOR ESTOPPEL, WAIVER, AND UNCLEAN HANDS

33.     Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 as though fully set forth herein.

34.     Travelers is not liable herein for claims and awards in the Birch and Amica Actions due to the doctrine of estoppel.

35.     Travelers is not liable herein for claims and awards in the Birch and Amica Actions due to the doctrine of waiver.

36.     Travelers is not liable herein for claims and awards in the Birch and Amica Actions due to the doctrine of unclean hands.

## **PRAYER**

WHEREFORE, Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1.     Declaring that there is no coverage under the Travelers Policy for the Birch and Amica Actions or any damage or judgment arising therefrom;

2.     Declaring that Travelers owes no duty to defend or indemnify Cagan Management Group, Inc. in the Birch and Amica Actions;

3.     Granting an award in favor of Travelers for the costs of suit incurred herein; and

4.     Granting such other and further relief as the Court may deem just and proper.

Dated:  April 7, 2020

**RESPECTFULLY SUBMITTED:**

**KEANE & ASSOCIATES**

By: /s/Brent S. Usery
       Brent S. Usery
       Tel: 917.778.6680
       Fax: 844.571-3789
       Email: busery@travelers.com

       Please address all correspondence sent by
       mail to:
       P.O. Box 2996
       Hartford, CT 06104-2903

       Physical Address:
       485 Lexington Avenue, 6th Floor
       New York NY 10017

       *Attorneys for Plaintiff, Travelers Property*
       *Casualty Company Of America*